JANVIER, Judge.
This is an appeal by the plaintiff, Miss Anna O’Rourke, from a judgment dismissing on exception of no cause of action her suit for damages against Dr. C. Grenes Cole who, at the time of the alleged occurrence, was the coroner of the Parish of Orleans.
It is alleged by plaintiff that on July 9, 1946, at about 12 o’clock midnight, while asleep at her residence in New Orleans, she was taken into custody by two members of the New Orleans police force and was forced to accompany them to the City Hospital for Mental Diseases where she was confined until the next morning; that her apprehension by the police and her confinement in the said City Hospital for Mental Diseases, all of which constituted a commitment to a mental institution, was the result of a certificate of commitment *833 which was signed by the defendant, Dr. Cole, then coroner of the Parish of Orleans, and that the said certificate of commitment was issued by Dr. Cole without any examination whatever and in reliance solely upon statements made to him by the other defendant, Edward J. O’Rourke.
Both Edward J. O’Rourke and Dr. C. Grenes Cole are made defendants and solidary judgment is prayed for against them in the sum of $25,000.
Each defendant filed an exception of no cause or right of action. The exception filed by O’Rourke was overruled, but the exception filed by Dr. Cole was maintained and there was judgment dismissing the suit as against him, and, as we have said, this is an appeal by plaintiff from that judgment.
It is contended by Dr. Cole that he was acting within his rights and, in fact, was performing his duty in having Miss O’Rourke taken into custody and 'brought to and confined in the City Hospital for Mental Diseases. And he relies on the provisions of section 6 of Act No. 241 of 1926, LSA-RS 33:1555, section 2 of Act No. 34 of 1926, LSA-RS 33:1625, and section 12 of Act No. 303 of 1944.
Plaintiff contends that the said defendant had no authority except that conferred upon him by section 12 of Act No. 303 of 1944, and that by that statute the coroner is not authorized to take anyone into custody for any length of time at all until there has first been an examination by the coroner and one other qualified physician.
Section 2 of Act No. 34 of 1926 authorizes the coroner “to examine in all cases of alleged insanity whenever in his opinion such examination is required by the public interest”. Section 6 of Act No. 241 of 1926 provides that “No Coroner shall restrain or commit any patient to confinement until such patient has been charged as being delinquent, peace disturber or menace to the community.” It seems to be one of the contentions of the defendant that this section authorized him to have the plaintiff taken into custody because the plaintiff’s brother requested him to do so.
Neither Act No. 34 of 1926 nor Act No. 241 of 1926 is expressly repealed by Act No. 303 of 1944, which, in section 12, provides for a commitment by the coroner on certain conditions set forth as follows: “Coroner’s Commitment: Upon the application of a near relative, or in the absence of relatives, a near friend, curator or other responsible citizen, accompanied by a certificate signed by the coroner and one other qualified physician, stating that a person is mentally ill, mentally defective, epileptic or inebriate, and is in need of observation or care in a mental hospital, the superintendent or chief officer of such hospital may receive such mental patient for such care and treatment as may be necessary.”
The act provides in the second paragraph of section 12 that, where there is to be such a commitment, the coroner and another qualified physician shall sign the necessary certificate setting forth, among other things, “that they have examined the patient within three days of the date of the application; that the patient is in need of observation for mental disease and hospital care.”
We immediately eliminate from consideration section 6 of Act No. 241 of 1926 for the reason that we are now considering only the issues which are presented by the exception of no cause of action. There is nothing in the petition to indicate that any charge has been made that the plaintiff is delinquent, a peace disturber or a menace to the community. If the defense is that, as a matter of fact, such a charge was made and that therefore the coroner acted on that charge, that is a matter which may be set up in defense but which cannot be considered at the present time as a reason for maintaining an exception of no cause of action, for we again say that in considering the exception of no cause of action we can consider only the allegations of the petition.
We next consider the possible effect of section 2 of Act No. 34 of 1926 under which the coroner is given the right “ * * * to examine in all cases of alleged insanity * * It may well be *834 that the coroner would have been justified in examining into the condition of the plaintiff in an effort to determine whether she should be committed, but here again we can take into consideration only the allegations of the petition, and by them we are told that the commitment was actually made without any examination at all; that the then coroner issued a certificate to the effect that he had examined the plaintiff, when, as a matter of fact, he had not done so.
It seems evident from a reading of section 12 of Act No. 303 of 1944 that there cannot be a commitment by the coroner until, on the application of a near relative, or a friend or a curator, or some other responsible person, the coroner and some other qualified physician have examined the patient and have found the patient to be mentally ill, mentally defective, epileptic or inebriate and in need of observation or care.
According to the allegations of the petition, the then coroner issued such a certificate without having made any examination at all.
Counsel for the defendants say that we must construe the act as giving the coroner the right to have any person, who may have been reported by a near relative or friend, or curator, taken into custody and brought to him for examination and that that is all that was done here. They say that, if the coroner is authorized to examine and then issue a certificate, it is implied that the coroner may have the person brought in to him for examination.
Possibly the coroner is given that right. Possibly all that he did in this case was to have the patient brought in for examination. It may be that no certificate was actually issued. But again we say that in consideration of the exception of no cause of action, we must assume the truth of the allegations of the petition and by them we are told that the certificate of commitment was actually issued and that this was done without examination. If these allegations are true, then the coroner was not authorized by the act to do what he is alleged to have done and if damage resulted, there may be liability.
Accordingly, the judgment appealed from is annulled, avoided and reversed, the exception of no cause of action of the defendant, Dr. C. Grenes Cole, is overruled and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein set forth.
Reversed and remanded.