129 So.2d 96 (1961)
Elmo C. LESHER et al., Plaintiffs-Appellants,
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant-Appellee.
No. 9465.
Court of Appeal of Louisiana, Second Circuit.
April 12, 1961.
Rehearing Denied May 10, 1961.
Certiorari Denied June 20, 1961.
Smallenberger, Eatman & Tooke, Shreveport, for appellants.
Wilkinson, Lewis, Madison & Woods, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
This action was brought for the recovery of damages sustained by Elmo C. Lesher, his wife and their two minor children occasioned by food poisoning resulting from their consumption of certain canned peas purchased from the retail store of the defendant. Plaintiffs have appealed from a judgment sustaining an exception of no cause and no right of action.
The petitioners allege that on or about January 30, 1960, Mrs. Lesher purchased two cans of LeSueur Brand peas at defendant's store, and that on February 8, 1960, she opened one of the cans and prepared the contents for the evening meal by emptying the peas into a sauce pan and warming them *97 over a burner on the kitchen range. The deteriorated condition of the peas was discovered immediately after consumption of same, and as a result of said condition the members of the family became acutely ill with food poisoning, thereby suffering the pain, inconvenience and expense for which the damages are claimed.
The stated cause of action is "that the defendant, Great Atlantic & Pacific Tea Company, as vendor of the peas, warranted that the same were fit for human consumption and contained no deteriorated, putrid, foul or poisonous substances which could cause illness." As grounds for its exception, the defendant avers: (1) that the petition does not allege that defendant knew, or should have known that the peas were spoiled, and, in fact, the record shows that the can in question was in good appearance; and (2) that the allegations of the petition do not allege actionable negligence on the part of the defendant inasmuch as the law does not impose upon the seller of products sold in sealed cans the burden of insuring third persons against real or imaginary ailments allegedly caused by eating the contents of said cans.
The action arises ex contractu and recovery by petitioners is conditioned upon a breach of an implied warranty by the defendant that the canned peas which it sold were wholesome and fit for human consumption. It is not alleged the defendant took any part in the preparation, processing or manufacturing of the products sold, or that there was any indication the cans had been subjected to improper care. We are urged to rule, as has been done in several other state jurisdictions, that a retail vendor of such food products impliedly warrants the contents of the sealed containers do not contain food that is unwholesome or unfit for human consumption.
A preparer of food or drink is responsible in damages for a breach of an implied warranty on account of the unfitness of its vended products. Illustrative of this principle are: Doyle v. Fuerst & Kraemer, Ltd., 1911, 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480; MacLehan v. Loft Candy Stores, Inc., La.App.Orleans 1937, 172 So. 367; Le Blanc v. Louisiana Coca Cola Bottling Company, Ltd., 1952, 221 La. 919, 60 So.2d 873; McAvin v. Morrison Cafeteria Company of Louisiana, Ltd., La.App. Orleans 1956, 85 So.2d 63. In each of these cases liability was predicated upon imputation of knowledge of the condition of the product to the preparer or manufacturer thereof. Thus, in Doyle v. Fuerst & Kraemer, Justice Provosty commented:
"It will be noted from the foregoing that the vendor of food to be consumed by the purchaser is conclusively presumed to know the condition of the food he sells, and to represent to the purchaser that such food is wholesome. In other words, the representation which he is thus presumed to make to the purchaser is not merely that he has been careful in the selection, preparation, and preservation of the food, but that the food is, as a matter of fact, wholesome. When, therefore, the food proves to be unwholesome the warranty is breached, and he is responsible." [129 La. 838, 56 So. 909].
Doyle v. Fuerst & Kraemer appears to be the leading case in our jurisprudence involving a defendant who was both a preparer and vendor of the offending food. We have not been referred to nor has our research disclosed any Louisiana decision wherein a retailer of food products in sealed containers has been held liable upon an implied breach of warranty as to the wholesomeness of the product sold. In the civil law warranty arises only by way of contract. LSA-C.C. art. 2500 et seq. See Comment of Justice Hawthorne in Le Blanc v. Louisiana Coca Cola Bottling Company, Ltd., 1952, 221 La. 919, 60 So.2d 873, 879 (dissenting opinion). The defendant would be liable upon an expression of warranty, but there is no allegation in the pleadings charging that such an assertion, either oral or in writing, was made. Counsel for appellant *98 earnestly urges that the legal principles enunciated in Simmons v. Wichita Coca Cola Bottling Company, 1957, 181 Kan. 35, 309 P.2d 633, 635, Rabb v. Covington, 1939, 215 N.C. 572, 2 S.E.2d 705, and Prof. Prosser on Torts, p. 671 are applicable. Such pronouncements are fundamentally based on a rule of public policy, which in the absence of legislative support would have no appropriate effect in our civil law state.
It is our conclusion that the judgment sustaining the exceptions of no cause or right of action is correct, and should be affirmed at appellants' cost.