211 So.2d 637 (1968)
252 La. 528
David B. McCAULEY
v.
MANDA BROTHERS PROVISIONS COMPANY, Inc., et al.
No. 48947.
Supreme Court of Louisiana.
June 4, 1968.
Rehearing Denied June 28, 1968.
*638 Franklin & Keogh, Baton Rouge, for defendants, appellants below and applicants.
McFerrin & Dobson, by Frank L. Dobson, Baton Rouge, for plaintiff-appellee.
John S. Campbell, Jr., of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendants-appellants-respondents.
HAMITER, Justice.
David B. McCauley, the plaintiff herein, seeks to recover damages suffered by him allegedly as the result of eating a contaminated sandwich which he had purchased from a store, operated by Pak-A-Sak Service Stores, Inc. (Pak-A-Sak), located at 8731 Jefferson Highway in East Baton Rouge Parish.
The suit arose out of the following conceded circumstances: The sandwich, consisting of catsup, bread and hot sausage had been bought by Pak-A-Sak from Bearden Sandwich Company, Inc., d/b/a Southern Belle Sandwich Company (Bearden). Employees of the latter had prepared the sandwich with sausage purchased from Manda Brothers Provisions Company, Inc. (Manda Brothers), and had delivered it, in a box with others, to the Pak-A-Sak store in the morning of the day when it was purchased and consumed by plaintiff. Each was delivered individually packaged in a cellulose wrapper which was folded over and stapled. An employee of Pak-A-Sak placed the sandwiches in a display rack next to the check-out counter. (The record discloses that in some other locations the employees of Bearden placed the sandwiches in a similar rack at the time of delivery.)
The petition, setting forth a cause of action in tort and also one based on an alleged breach of warranty, named as defendants Pak-A-Sak, Bearden, Manda Brothers, and their respective insurers.
The defendants answered separately, and all denied liability. In a supplemental answer Pak-A-Sak asserted an alternative demand against Bearden and Manda Brothers for full indemnificiation for any amount which it might be cast in judgment. Neither Manda Brothers nor Bearden made a demand against its codefendants.
The trial court dismissed the demand against Manda Brothers and its insurer, but it awarded plaintiff $729 damages against Pak-A-Sak, Bearden, and their insurers, in solido. In his reasons for judgment the judge showed that the defendants cast were liable on their respective warrantiesBearden on an implied warranty and Pak-A-Sak on the "implicit" warranty by the vendor as to the wholesomeness of the goods he sells.
Bearden, Pak-A-Sak and their insurers appealed to the Court of Appeal, First Circuit. The judgment was reversed as to Pak-A-Sak, and plaintiff's demands against it were rejected. The court further held that if eating the sandwich had caused plaintiff's illness, then Bearden would be liable on its implied warranty as a preparer and purveyor of food. However, it apparently was of the opinion that the evidence did not sufficiently establish the causal connection between eating the sandwich and plaintiff's illness, because it reversed the judgment against Bearden and remanded the case to permit introduction of additional evidence that had been offered by plaintiff and rejected by the trial court as being irrelevant. 202 So.2d 492.
*639 We granted certiorari (251 La. 402, 204 So.2d 578) at the instance of Bearden (it seeking contribution from Pak-A-Sak), we then being of the opinion that perhaps there existed a conflict regarding the liability of a retail vendee of food (here Pak-A-Sak) under circumstances somewhat similar to those in the instant matter, in cases decided by two other and different Courts of Appeal, said conflict involving Lesher et al. v. Great Atlantic and Pacific Tea Company, 129 So.2d 96 (La.App. Second Circuit) and Gilbert v. John Gendusa Bakery, Inc. et al., 144 So.2d 760 (La.App. Fourth Circuit).
Plaintiff did not apply for certiorari.
In reaching its conclusion herein the Court of Appeal observed: "We therefore hold that, in the absence of negligence or knowledge of the defect or unwholesomeness of the product sold, a retailer of a pre-packaged food product, which is not the manufacturer thereof, sold for public consumption, cannot be held liable for injuries resulting from the consumption thereof."
The Court of Appeal, in other words, found that the record contained no evidence whatever to indicate negligence on the part of Pak-A-Sak in the handling of the sandwiches, nor disclosed that it had knowledge of the defect therein. Accordingly, it, as we have said, reversed the judgment as to that defendant.
At the outset we note that in order to grant the relief sought by Bearden (to now hold Pak-A-Sak liable to the plaintiff) we would be required to reverse the Court of Appeal judgment which Pak-A-Sak obtained and render one against it favorable to plaintiff, although the latter has not applied for certiorari. We entertain serious doubt that we can take such action at this time, inasmuch as that decision is final in the absence of an application for certiorari by plaintiff, even if Pak-A-Sak and Bearden had been cast originally as joint tortfeasors. Nevertheless, we are certain that such action should not be taken by us in the light of the record which clearly establishes that these defendants were not cast by the district court as joint tortfeasors, but each was cast on its respective legal warranty to plaintiff.
But be that as it may, we will not rest our decision to affirm the Court of Appeal judgment on such holding, inasmuch as we have found that there is no merit in the argument presented here by Bearden. In this court the latter does not complain of the court's determination relative to its liability as the preparer or "manufacturer" of food. In its brief here, as in its application for certiorari, Bearden asserts only that the Court of Appeal erred in failing to hold Pak-A-Sak liable under its vendor's warranty to plaintiff. But in urging such error Bearden is relying entirely on the warranty said to exist in favor of the purchaser-consumer (the plaintiff) and he is not before this court asserting such warranty. This Bearden cannot do.
In order to compel contribution in such a case as this the manufacturer (Bearden) cannot rely on Pak-A-Sak's warranty in favor of the vendee, but it must make out its case against its codefendant as in a tort action. This is so because, clearly, there is no implied warranty by the retailer to the manufacturer, either legal or implied. To the contrary, the manufacturer implicitly warrants to the retailer the fitness of the product sold to the latter.
Bearden can be in no better position at this point in this litigation than if it had made a formal demand against Pak-A-Sak by way of third party proceedings. In which case it would have been required to prove negligent acts by Pak-A-Sak which constituted a contributing cause to plaintiff's injury. It has not done this.
Belatedly, in this court in oral argument, counsel for Bearden contended that the record establishes negligent handling of the sandwiches by Pak-A-Sak employees. But we are in full agreement *640 with the holding of the Court of Appeal that "* * * A careful scrutiny of the record has failed to show that there is any evidence before the court to indicate any negligence whatsoever on their [Pak-A-Sak's] part." (Brackets ours)
We also observe that not only does the answer of Bearden fail to allege any specific acts of negligence on the part of Pak-A-Sak, it affirmatively denies plaintiff's factual allegations of negligence on the part of the retailer. Moreover, its sole argument in its brief to the Court of Appeal was that plaintiff had failed to show that contamination of the sandwich was the cause of his illness.
In passing we mention that, contrary to the opinion of the Court of Appeal, we believe that perhaps the procedure followed in the trial court substantially complied with Article 1636 of the Code of Civil Procedure, so as to permit the appellate court to consider the evidence proffered by plaintiff (and rejected by the trial court) to establish a causal connection between his eating of the sandwich and his subsequent illness and that, therefore, the Court of Appeal could have ruled definitively on the liability of Bearden. However, inasmuch as plaintiff as aforestated has failed to apply for certiorari, in order to obtain such a change in the judgment, we are powerless to amend the decree in this regard.
For the reasons assigned the judgment of the Court of Appeal is affirmed. All costs of the proceedings in this court are to be paid by Bearden and its insurer, Market Insurance Company.
SANDERS, J., concurs and will assign written reasons.
SANDERS, Justice (concurring).
Plaintiff founded his suit against defendants primarily upon negligence, specifically alleging the negligent conduct of each defendant but also invoking the doctrine of res ipsa loquitur. The plaintiff also charged that the vendor of the sandwich had breached its warranty of wholesomeness. The trial judge rendered a solidary judgment against Bearden Sandwich Company, Inc., and Pak-A-Sak Service Stores, Inc., as well as the insurers of these defendants. Although the trial judge discussed implied warranty in the course of his opinion, it is clear he also applied the doctrine of res ipsa loquitur. The defendants and their insurers appealed to the Court of Appeal.
Despite the "serious doubt" expressed in the majority opinion, I am convinced the defendant Bearden Sandwich Company, Inc. has a right to seek relief from the Court of Appeal judgment releasing its co-defendant from solidary liability with it. Such a right of review exists even in the absence of a third party demand by Bearden against the co-defendant. LSA-C.C. Article 2103; Emmons v. Agricultural Insurance Co., 245 La. 411, 158 So.2d 594; Vidrine v. Simoneaux, La.App., 145 So.2d 400; 24 La.L.Rev. 307-308.
More difficult is the decision on the merits. Bearden urges the Court to decree its co-defendant solidarily liable either on the theory of implied warranty, often used by Louisiana courts in food contamination cases, or of strict liability in tort.
Since 1911, the courts of this state have held the manufacturer liable for damages caused by unwholesome food products. Doyle v. Fuerst & Kraemer, Ltd., 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480 (1911). In some cases, the courts have based recovery on a delictual, or tort, theory. See, e. g., Mayerhefer v. Louisiana Coca-Cola Bottling Co., 219 La. 320, 52 So.2d 866; White v. Coca-Cola Bottling Co., La.App., 16 So.2d 579; Day v. Hammond Coca-Cola Bottling Co., La.App., 53 So.2d 447. In 1952, this Court in LeBlanc v. Louisiana Coca Cola Bottling Company, 221 La. 919, 60 So.2d 873, moved to the theory of implied warranty of wholesomeness. Later decisions have followed implied warranty. See, e. g., Reine v. Baton Rouge Coca Cola Bottling Co., La.App., 126 So.2d 635; *641 Walker v. American Beverage Co., La. App., 124 So.2d 157; and Miller v. Louisiana Coca-Cola Bottling Co., La.App., 70 So.2d 409. Running throughout these cases, however, is a conclusive presumption that the manufacturer knew of the unwholesomeness of the food product. Hence, the imposition of liability upon the manufacturer in such cases is consistent with the fault requirement of LSA-C.C. Article 2315, governing delictual responsibility. See Stone, Tort Doctrine in Louisiana: The Concept of Fault, 27 Tul.L.Rev. 1, 14-15, 19-20; and 26 La.L.Rev. 447, 456.
The question here is whether a similar liability should be imposed upon a retailer who, without knowledge of unwholesomeness, sells food products packaged by the manufacturer in sealed containers. I think not.
LSA-C.C. Article 2531 provides:
"The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses."
The foregoing Article negates the retailer's liability for damages under warranty. See Hurley v. J. C. Penney Company, La. App., 140 So.2d 445; Lesher v. Great Atlantic & Pacific Tea Company, La.App., 129 So.2d 96; Boyd v. J. C. Penny Company, La.App., 195 So. 87; and Coignard v. F. W. Woolworth & Co., La.App., 175 So. 123.
As to delictual responsibility, LSA-C.C. Article 2315 provides:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it;"
Fault is a prerequisite for recovery under this Article. As to food products in a sealed container, it is impracticable, if not impossible, for the retailer to open the container and inspect the contents. The great weight of authority supports the view that a retailer is under no duty to open sealed containers and hence is not at fault in failing to do so. Lesher v. Great Atlantic & Pacific Tea Company, supra; Kirkland v. Great Atlantic & Pacific Tea Co., 233 Ala. 404, 171 So. 735; Prosser, Law of Torts (3d ed. 1964) § 95, p. 649; Frumer and Friedman, Products Liability, § 22.02; 36A C.J.S. Food § 58, pp. 906-907; 22 La.L. Rev. 435, 447-450.
The record contains no evidence establishing that the employees of Pak-A-Sak, the retailer, mishandled the sandwiches. One must conclude, therefore, that Pak-A-Sak was without fault. Hence, under LSA-C.C. Article 2315, there is no liability.
For the foregoing reasons, I concur in the decree.