307 So.2d 115 (1974)
Mr. and Mrs. Edwin J. REID, Individually, etc.
v.
CLEARFIELD CHEESE COMPANY, INC., et al.
No. 9979.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
*116 William P. Rutledge, Lafayette, for appellant.
Dennis L. Doise, Lafayette, for appellee.
Before LOTTINGER, COVINGTON and BAILES, JJ.
LOTTINGER, Judge.
This suit was filed by Edwin J. Reid, individually and as natural tutor of his son, Scott Reid, and Mrs. Reid for damages ex delicto which occurred when the Reid's son allegedly ate cheese which had glass in it. The defendants are Clearfield Cheese Company, Inc., Employers Insurance Company of Wausau, Hygrade Food Products Corporation and Winn-Dixie Louisiana, Inc. The relationship between the parties defendant is not clear except that Clearfield manufactured the cheese in question and Mr. Reid purchased same from Winn-Dixie. It was stipulated by the attorneys for plaintiffs and defendants ". . . that the cheese was manufactured, sold and put in stream of commerce for consumption in Louisiana by defendants". The lower court awarded judgment in favor of defendants and dismissed petitioners' suit. Petitioners have taken an appeal.
In an unusually brief petition the petitioners maintain that young Scott Reid ate a sandwich made of cheese and became violently ill. The doctor, who whom the child was taken, could not tell what was wrong with the child. A day or two later Mrs. Reid discovered that there was glass in the cheese when she cut into the cheese to make scalloped potatoes. She later told this to the doctor and he said that it was a possibility that the cheese might have made Scott sick. Mrs. Reid thinks that the cheese was also otherwise contaminated.
Based on these allegations they sue for damages to their son for his nausea and sickness, fear and for permanent loss of pleasure of eating cheese, as well as damages for themselves for the fear for their son. As stated above the lower court held in favor of defendants and dismissed petitioners' suit and petitioners have taken this appeal.
At the commencement of the trial the attorneys stipulated as follows:
". . . it is admitted that on or about October 2, 1971, Mr. Reid purchased a two-pound pack of cheese at the Winn-Dixie Store in Morgan City, Louisiana; that the cheese was manufactured, sold and put in the stream of commerce for consumption in Louisiana by the defendant; that Scott Reid ate a sandwich made of cheese, became ill and vomited on two occasions; that Mrs. Reid took the boy to the doctor and the doctor could not tell what was wrong; that at the time she took the boy to the doctor, Mr. (sic) Reid did not know the cheese had glass in it. Mrs. Reid did not find out this until a day or two later when she cut into the cheese to make scalloped potatoes. After she made this discovery, she told the doctor that there was a possibility the cheese made Scott sick."
The testimony of Mrs. Reid is to the effect that at about the same time young Scott ate the sandwich his thirteen year old sister also fixed a sandwich with the subject cheese but because it tasted bad to her she threw it away without eating it. Some seven hours later Scott became ill and vomited. He had nothing to eat between the time of eating the sandwich and *117 the vomiting and he was taken to the doctor who gave him medicine.
Apparently, from the above stipulation and testimony it did not dawn upon Mrs. Reid that the cheese might have been the cause of her son's illness until some one or two days later when she cut into the cheese and claims that she found glass. The lower court held and it is admitted by the plaintiffs that they did not prove that the child ate ground glass. In plaintiffs' brief they state:
"We make no claim that we have proven that this child ate ground glass."
We have no medical testimony whatsoever to the effect that there was anything wrong with this cheese nor to the effect that the cheese caused the illness of young Scott. We quote from the holding of the lower court:
"Our law on the consumption of dele terious substances is succintly summarized in the case of McCauley v. Manda Brothers Provisions Co., 202 So.2d 492 (La.App. 1st Cir. 1967), affirmed, 252 La. 528, 211 So.2d 637 (1968). In that case, the First Circuit divided the cases relative to liability of a manufacturer or processor of food products into at least two categories, i. e., (1) those cases covering food products which are sold in sealed containers, such as capped bottles or cans (202 So.2d 492, 495), and (2) those in which the food product is prepared and sold for public consumption in restaurants, or across the counter in bakeries, confectionaries and similar places.
The instant case would apparently fall into the latter category. "Liability in these cases is based on the proposition that the manufacturer-seller of the unwholesome food is presumed to know its condition and is liable to the purchaser thereof who is made ill because of its consumption. As stated in the McAvin case:
`This case involves the principle of law that the seller of foodstuffs is bound to warrant their wholesomeness and that everyone should know of the qualities of the things he manufactures and sells and that the lack of such knowledge is imputed to him as a fault rendering him liable to the purchaser for any vices or defects of the things.' (McAvin v. Morrison Cafeteria [La. App.], 85 So.2d 63). See also cases cited in McCauley, supra, 202 So.2d 492, 495).
`In these cases, the plaintiff carries the burden of showing that the food was unwholesome or deleterious, that it was consumed, and that illness resulted therefrom.'
`. . . In all of the cases in which there has been successful recovery, the plaintiff has shown that the food was consumed by him and that no other food which might reasonably be assumed to have caused the illness had been consumed within a number of hours before or after the consumption of the suspect product. The plaintiff has also had medical opinion to the effect that it was probable that his illness was caused by the particular product involved.' (202 So.2d 492, 495, 496).
In the instant case, the plaintiffs have failed to prove that Scott Reid actually consumed any of the cheese containing ground glass. Nor, have they produced any medical evidence whatsoever to show that it was probable that the illness was caused by the cheese containing ground glass. To the contrary, their counsel, in examining Mrs. Reid and in his brief, admits having failed to prove these facts. Accordingly, any recovery sought on behalf of the minor Scott Reid will be denied.
It would appear that plaintiff's primarily seek damages for themselves for the anguish and fear they experienced *118 when they believed that their small son had eaten cheese containing ground glass. However, a parent may not recover for his own mental pain and anguish over injury to his minor child. Honeycutt v. American General Insurance Co. (1961), La.App., 126 So.2d 789; Seligman v. Holladay (1934), La.App., 154 So. 481; Davies v. Consolidated Underwriters (1943), La.App., 14 So.2d 494; Hughes v. Gill (1949) La.App., 41 So.2d 536; 18 A.L.R. 2nd Anno. Damages, Sec. 7, pages 239-240. Recovery of damages, therefore, on behalf of the parents, will be denied, and for the additional reason that no damages have been proven.
Under any circumstances, defendants Winn-Dixie Louisiana, Inc., and its insurer, could not be held liable to plaintiffs for the following reason:
`Under our law, the vendor of a thing implicitly warrants that it is fit for the purpose for which it is intended. However, he cannot become liable in damages unless it is shown that he knows or should know of the defect existing therein.' (Emphasis mine.) Louisiana Civil Code, Articles 2475, 2476, 2545; McCauley v. Manda Bros., 202 So.2d 492, 497; Lesher v. Great Atlantic and Pacific Tea Co., 129 So. 2d 96 (La.App. 2d Cir. 1961); Gilbert v. John Gendusa Bakery Inc., 144 So. 2d 760 (La.App. 4 Cir. 1962).
Since there was no evidence whatever to show that either Hygrade Food Products Corporation or Winn-Dixie of Louisiana, Inc., had taken any part in the preparation, processing or manufacturing of the cheese, or that they had been subjected to improper care, or that there was an express warranty made by them, there is no basis in our law for a holding that they could be held liable on an implied breach of warranty (202 So.2d 492, 497, affirmed, 252 La. 528, 211 So.2d 637, 639-640)."
We find no reversable error in the decision of the lower court, on the contrary, we feel that the court below was eminently correct in its decision, and, for the reasons hereinabove assigned, judgment of the lower court will be affirmed, all costs of this appeal to paid by petitioner.
Affirmed.