353 So.2d 433 (1977)
Katie Mae DEMARS, Plaintiff-Appellee,
v.
NATCHITOCHES COCA-COLA BOTTLING COMPANY, INC., et al., Defendants-Appellants.
No. 6126.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1977.
Dissenting Opinion December 19, 1977.
Rehearings Denied January 12, 1978.
Writ Refused February 17, 1978.
*434 Bolen, Halcomb & Erwin, by James A. Bolen, Jr., Alexandria, Gahagan & Gahagen, by R. E. Gahagan, Natchitoches, for defendants-appellants.
Whitehead & McCoy by C. R. Whitehead, Jr., Natchitoches, for plaintiff-appellee.
Before HOOD, CULPEPPER, DOMENGEAUX, GUIDRY and FORET, JJ.
GUIDRY, Judge.
In this suit plaintiff seeks to recover damages and attorney fees from Natchitoches Coca-Cola Bottling Company, Inc., (hereafter referred to as Coca-Cola) and Morgan & Lindsey, Inc. (hereafter referred to as Morgan & Lindsey), the manufacturer and retail seller, respectively, of a bottle of "Fanta" root beer the lip or rim of which bottle plaintiff alleges was chipped resulting in her ingesting particles of glass which caused injury.
Plaintiff's petition is styled "SALE (sic) TO RESCIND SALE AND FOR DAMAGES". In her petition plaintiff seeks a rescission of the sale of the soft drink, a return of the purchase price, i. e., 25¢, damages and attorney fees. Presumably able counsel for plaintiff-appellee employed the redhibition theory of recovery in order to derive the benefits of R.C.C. Article 2545 which provides for an award of reasonable attorney fees in matters of redhibition where the seller is found to be in bad faith.[1]
After trial on the merits, the trial judge rendered judgment in favor of plaintiff and against both defendants, in solido, ordering a rescission of the sale and awarding special damages in the amount of $939.45, general damages in the amount of $2,000.00 and attorney's fees in the amount of $1,000.00. Both defendants have appealed.
The record in this matter reflects that on August 9, 1976, plaintiff was shopping in the Morgan & Lindsey store in Natchitoches, Louisiana and while there she purchased a "Fanta" root beer drink, manufactured by Coca-Cola, from a coin operated vending machine, owned by Coca-Cola but leased to *435 Morgan & Lindsey. After the bottled beverage was dispensed from the machine plaintiff removed the cap therefrom by means of an opener provided as a part of the vending machine. Plaintiff then proceeded to drink from the bottle and immediately felt the presence of a foreign substance in her mouth which she determined was small particles of glass. Defendant then examined the rim or lip of the bottle and observed that it was chipped. Plaintiff reported the incident to the customer service desk. The testimony of Delores Metoyer, the customer service counter employee, confirmed plaintiff's report of the incident. Ms. Metoyer further testified that she saw plaintiff spitting or removing fine particles of glass from her mouth.
Plaintiff thereafter experienced pain in her throat which prompted her to consult her physician, Dr. Kenneth Collins. Dr. Collins found no objective signs of injury, other than a small "nick" on plaintiff's lower gum, but because of her continued complaints of pain and the history given him, he suggested that plaintiff consult Dr. Joseph Villard, a throat specialist in Alexandria, Louisiana. Dr. Villard saw plaintiff on August 17, 1976 and performed an examination which revealed in the region of the left superior tonsillar fold a small hemorrhagic punctuate lesion. Dr. Villard recommended conservative treatment, however, after another visit, considering plaintiff's continued complaint of pain and the history, the doctor recommended a tonsillectomy. Plaintiff was admitted to St. Francis Cabrini Hospital on August 27, 1976 for removal of her tonsils. After plaintiff's tonsils were removed they were examined however no foreign body was discovered.[2] Plaintiff was discharged from the hospital three days following the operation after an uneventful course. Plaintiff was finally discharged by Dr. Villard on September 7, 1976 and has not since experienced any difficulty or discomfort.
Although appellants contend that the trial court erred in finding that plaintiff ingested glass particles as a result of the incident above described and/or that the injury complained of and the surgical procedure performed resulted from the ingestion of glass, we conclude, from an examination of the record, that there is a reasonable factual basis for such conclusions. Discerning no manifest error in these findings they will not be disturbed.
The trial judge in his written reasons made no finding that the bottled drink contained broken glass fragments or that the bottle containing the drink was chipped or fractured during the bottling process leaving particles around the lip or rim, rather he concluded that both defendants were negligent and thus liable to plaintiff because they "failed to have a proper functioning and safe opener on the machine in question". Presumably the trial judge concluded that the lip or rim of the bottle was chipped when plaintiff removed the cap by means of the opener attached to the dispenser. This finding by the trial judge is clearly contrary to his conclusion that the sale is subject to rescission. Rather, such finding supports the view that the product was not defective at the time of purchase. In a redhibitory action the buyer must establish and prove that the vice or defect existed before the sale was made to him. R.C.C. Article 2530.
Although, as aforesaid, the trial court concluded that the opener on the vending machine was defective and caused the rim or lip of the bottle to chip our examination of the record reveals no evidence supporting this finding. To the contrary Henry C. Taylor, sales manager for Coca-Cola, testified that the opener in service on August 9, 1976 was examined and found to be without defect. Plaintiff testified that she was careful when she opened the bottle of root beer; she experienced no difficulty; and, noticed nothing unusual. Plaintiff did not *436 testify that the opener caused the rim of the bottle to chip. Although Delores Metoyer and Bonnie Johnson, store employees at Morgan & Lindsey, testified that they had on occasion purchased soft drinks from this machine and observed that the bottle was chipped or broken on the lip or rim, neither testified that in such instances the chip or break was caused by the opener. We find manifest error in the trial court's conclusion that the defendants were negligent in failing to have a proper functioning and safe opener on the machine since we find no evidence in the record to support such conclusion.
Having rejected the trial court's basis for a finding of liability on the part of defendants we will render herein such judgment as we conclude is just legal and proper upon the record. LSA-C.C.P. Article 2164.
We find no merit in the contention that plaintiff is entitled to a rescission of the sale of the soft drink. Although the record establishes that the rim of the bottled drink purchased by plaintiff was chipped as a result of which she ingested particles of glass and suffered injury, the defect in the bottle was not latent but obvious and apparent. Plaintiff candidly admitted that she did not inspect the mouth of the bottle before drinking but simply put the bottle in her mouth and upon the realization that she had glass in her mouth she removed the bottle from her mouth and immediately observed that the bottle was broken. In this regard plaintiff testified as follows (Tr. pg. 87):
"Q. Did you inspect the mouth of the bottle?
A. No. Not at that time. No.
Q. What did you do next?
A. Well, I took the bottle and I drank a swallow of soda out of it and after I drank the soda, I realized I had glass in my mouth. I didn't take but one swallow of the soda.
Q. Did you actually swallow any of the beverage that was inside of the bottle?
A. Yes, I did.
Q. And then what did you do?
A. Well after I turned the bottle up and swallowed some of it, I felt like my lip was cut and I took the bottle out of my mouth and looked at it and I saw the bottle was broken."
It is well settled that a redhibitory action will not lie and a sale cannot be avoided where the defect in the object purchased is apparent and can be discovered upon simple inspection. R.C.C. Articles 2476, 2520 and 2521. Fabacher v. Ghisalberti, 18 La.App. 599, 139 So. 70 (4th Cir. 1932); Kelly v. Galilee Baptist Church, 106 So.2d 733 (La.App. 1st Cir. 1958); Mattes v. Heintz, 69 So.2d 924 (La.App. 4th Cir. 1954, writ denied).
According to plaintiff's own testimony had she made the slightest inspection of the mouth of the bottle before drinking she would have discovered the defect in the bottle. This being so under settled law she is clearly not entitled to rescind the sale in question nor is she entitled to damages and attorney's fees under R.C.C. Article 2545.
Although plaintiff's petition seeks recovery in this case on the ground of redhibition, and we have rejected this theory of recovery, we determine that her petition states a cause of action for recovery of damages on the theory of implied warranty of wholesomeness owed by a manufacturer or processor of food products. In her petition plaintiff alleges that she purchased the product in question; it was a drink manufactured, processed and bottled by Coca-Cola and retailed by Morgan & Lindsey; the drink or the bottle contained a deleterious substance, i. e., broken glass; the product was consumed; and, an injury resulted.
We are no longer hamstrung by the old "theory of the case" doctrine (LSA-C. C.P. Articles 854-862 and 2164). Since the petition alleges facts sufficient to state a cause of action for recovery of damages on the theory of implied warranty, we may consider it as such.
It is now well settled that the manufacturer or processor of food products, particularly *437 those in sealed containers such as capped bottles or cans, warrants the wholesomeness of the food products. LeBlanc v. Louisiana Coca-Cola Bottling Company, 221 La. 919, 60 So.2d 873 (1952); McCauley v. Manda Brothers Provisions Co. Inc., 202 So.2d 492 (La.App. 1st Cir. 1967), affd., 252 La. 528, 211 So.2d 637 (1968); Reid v. Clearfield Cheese Company, Inc., 307 So.2d 115 (La.App. 1st Cir. 1975); Sticker v. General Foods Corp. et al, 324 So.2d 568 (La.App. 1st Cir. 1975, writ refused). As set forth in McCauley v. Manda Brothers Provisions Company, supra:
"Liability in these cases is based on the proposition that the manufacturer-seller of unwholesome food is presumed to know its condition and is liable to the purchaser thereof who is made ill because of its consumption. As stated in the McAvin case, supra. (McAvin v. Morrison Cafeteria, 85 So.2d 63 (La.App.1956): `This case involves the principle of law that the seller of foodstuffs is bound to warrant their wholesomeness and that every one should know of the qualities of the things he manufactures and sells and that the lack of such knowledge is imputed to him as a fault rendering him liable to the purchaser for any vices or defects of the things.'"
As stated by our brethren of the First Circuit in Sticker v. General Foods Corp., et al, supra:
"The Supreme Court, in the LeBlanc case, supra, based the liability of the manufacturer in such cases on implied warranty rather than negligence and required a plaintiff to prove that he purchased the product in an apparently undisturbed container, that it contained a foreign substance, that the product was consumed and that an injury resulted therefrom. The practical effect of the above ruling is to impose strict liability on the manufacturer in such circumstances."
In the instant case plaintiff has established by a reasonable preponderance of the evidence that she purchased a bottled drink manufactured by Coca-Cola; the lip or rim of the bottle was chipped, presumably in the manufacturing process there being no evidence to the contrary; upon consumption of the product fragments of broken glass were ingested; and, an injury resulted. This being considered plaintiff is clearly entitled to judgment against Coca-Cola for the general and special damages sustained. She is not entitled however to the recovery of attorney's fees. Generally attorney fees are not allowable in the absence of contract or statute authorizing same. Although there are jurisprudential exceptions to this general rule the instant action does not fall within one of these exceptions.
Although we find Coca-Cola responsible in damages to plaintiff we conclude that the trial court erred in finding Morgan & Lindsey solidarily liable. Morgan & Lindsey has not been shown to be delictually responsible. There is no evidence in the record which would even suggest fault or negligence on the part of Morgan & Lindsey.
Morgan & Lindsey cannot be held responsible to plaintiff on the theory of implied warranty as it is well established that a retailer who sells food products packaged by the manufacturer in sealed containers cannot be held liable in damages absent a showing that he knew or should have known that the product sold is unwholesome. McCauley v. Manda Brothers Provisions Company, supra, and cases therein cited. In the instant case there is no evidence that Morgan & Lindsey knew or should have known that the bottled drink purchased by plaintiff was chipped and contained broken glass.
Coca-Cola finally suggests that the award made by the trial court is excessive and in support thereof cites several cases wherein the courts of this state have granted lower awards under somewhat similar circumstances. We have carefully examined the record in light of the principles of appellate review of damages recently announced by our Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332 and Schexnayder v. Carpenter, 346 So.2d 196 (La.1977) and find the award neither excessive nor inadequate.
*438 For the above and foregoing reasons the judgment of the trial court in favor of plaintiff and against the defendant, Morgan & Lindsey Inc. is reversed and set aside and insofar as this defendant is concerned plaintiff's suit is ordered dismissed with prejudice. Further, the judgment of the trial court, insofar as it decrees a rescission of sale and awards plaintiff judgment against the defendant, Natchitoches Coca-Cola Bottling Company Inc., for attorney's fees in the amount of $1,000.00 is reversed and set aside. Finally, the judgment of the trial court insofar as it awards judgment in favor of plaintiff against Natchitoches Coca-Cola Bottling Company, Inc., for general damages of $2,000.00 and special damages of $939.45, with legal interest on such sums from date of judicial demand until paid and casts Natchitoches Coca-Cola Bottling Company Inc. for all costs in the trial court is affirmed.
The costs of this appeal are to be borne equally by plaintiff and Natchitoches Coca-Cola Bottling Company Inc.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
CULPEPPER, J., dissents in part and assigns written reasons.
HOOD, J., dissents in part for the reasons assigned by CULPEPPER, J.
CULPEPPER, Judge, dissenting in part.
I agree with the majority that plaintiff cannot recover under her alleged redhibitory action, since she failed to prove a vice or defect in the bottle or its contents existed before the sale, i. e., before she removed the bottle from the vending machine. LSA-C.C. Article 2530.
The trial judge also, in his reasons for judgment, did not find a defect in the bottle or its contents. He found the opener on the vending machine was defective, and that caused the rim of the bottle to chip when plaintiff removed the cap. However, the majority in this court finds there is no evidence to support the trial court's conclusion that the opener was defective. I agree.
After finding there was no defect in the bottle or its contents, nor in the opener, the majority proceeds to find as a fact that after plaintiff opened the bottle she should have seen "had she made the slightest inspection of the mouth of the bottle before drinking", that the rim was chipped. On this basis, the majority holds the defect was apparent, rather than hidden, and, therefore, there can be no recovery in redhibition. I agree.
After concluding there can be no recovery in redhibition, the majority proceeds to find liability by Coca Cola on the basis of breach of the implied warranty of wholesomeness of their product. I agree with the majority that this case must be decided under the rules of products liability, as established by our Supreme Court. The leading case from our Supreme Court on soft drinks is still LeBlanc v. Louisiana Coca Cola Bottling Company, 221 La. 991, 60 So.2d 873 (1952). There, the plaintiff drank part of the contents of a bottle which contained a decomposed housefly. Prior jurisprudence had required that the plaintiff prove the bottle had not been tampered with after it left the manufacturer. The court overruled this prior jurisprudence and relieved the plaintiff of the burden of proving non-tampering. The court held that all the plaintiff need prove is that he purchased the beverage in its original container, that the container was apparently in good condition at the time he opened it, and that the beverage contained unwholesome matter from which he sustained injury. This creates a prima facie case against the manufacturer.
The rule expressed in LeBlanc and its progeny, cited in the majority opinion, makes it clear that a fundamental requisite is proof by the plaintiff of a defect in the product. In the present case, no defect in the bottle or its contents was proved. The trial judge found no defect in the bottle, and the majority opinion also finds no evidence of any defect in the bottle or its contents. In the absence of evidence of a defect, the majority applies a presumption as follows:

*439 "In the instant case plaintiff has established by a reasonable preponderance of the evidence that she purchased a bottled drink manufactured by Coca-Cola; the lip or rim of the bottle was chipped, presumably in the manufacturing process there being no evidence to the contrary;" (emphasis supplied)
I cannot accept this presumption that the lip of the bottle was chipped in the manufacturing process. In the first place, as stated above, there is no proof of any chip or other defect in the bottle at the time plaintiff removed it from the vending machine. In the absence of such proof, there can be no presumption that the lip of the bottle was chipped during the manufacturing process. In the second place, the direct evidence in this case shows that the lip of the bottle was chipped when plaintiff opened it. This was the testimony by plaintiff, and was the finding of fact by the trial judge. Thus, I strongly disagree with the majority's application of a presumption that the lip of the bottle was chipped during the manufacturing process.
My conclusion is that plaintiff has failed to prove a defect in the product, i. e., either the bottle or its contents. Therefore, she cannot recover under LeBlanc and its progeny. Furthermore, plaintiff has failed to prove a defect in the opener, so she cannot recover on this basis. She has failed to sustain her burden of proof under any theory recognized by our law.
I agree with the majority that there is no liability on the part of Morgan & Lindsey. It leased the vending machine from Coca Cola. The Coca Cola Company owned and maintained these machines. There is no proof of liability on the part of Morgan & Lindsey under either redhibition or tort.
For the reasons assigned, I dissent in part.
NOTES
[1] See the excellent article entitled "MANUFACTURERS' LIABILITY FOR DEFECTIVE PRODUCTS IN LOUISIANA LAW" appearing in 50 Tulane Law Review at pages 50 et seq.
[2] Although no foreign body was found to be present in the tonsils, Dr. Villard testified that it is within reasonable medical probability that if plaintiff did swallow a broken piece of glass which passed through the area of the tonsil it could have caused the hemorrhagic lesion without having actually lodged in the tonsil.