SWIFT, Judge.
James R. Boswell, Jr., plaintiff, was employed as a truck driver for H. P. Equipment Company, Inc. (H. P. Equipment) in Pineville, Louisiana. On July 19,1978, Boswell drove an eight-foot wide low boy trailer to Oberlin, Louisiana, to deliver a new Clark grapple skidder. A grapple skidder is a four-wheeled diesel powered vehicle used in timber operations. The machine is approximately 10 feet wide and has a blade in the front and a knuckle boom in the rear. To facilitate steering it pivots in the middle on a hinge.
The buyers of the Clark skidder were defendants, Boise Southern Company, and its joint venturers, Bovill, Inc. and Southern *577 Forest Products, Inc. (hereinafter collectively referred to as Boise Southern). Boise Southern was trading-in two used John Deere skidders, so plaintiff drove from Oberlin to Boise Southern’s plant in Elizabeth, Louisiana, to retrieve these two skid-ders. As Boswell had never operated a Deere skidder, employees of Boise Southern drove the two skidders onto the low boy trailer. The blade of the rear skidder was facing the back of the trailer. Plaintiff secured the rear skidder with three chains. He placed one from the knuckle boom at its rear to the front skidder, one across its hinge area in the middle and one on its blade at the rear of the trailer. Once the chains were in place Boswell used binders to remove all slack and keep them taut. He then returned the vehicles to H. P. Equipment’s place of business in Pineville.
The next day, in order to unload the skidders from the trailer, Boswell first unfastened all three of the binders to loosen the chains that secured the skidder on the rear. He then removed the chain which secured the blade of that machine. Plaintiff climbed aboard the rear skidder and started the engine. At that moment its hinge flexed and the left rear tire moved towards the passenger side of the trailer. Mr. Freddie Sayer, a sales manager of H. P. Equipment, noticed from his office that the left rear wheel of the rear skidder seemed ready to fall off of the right side of the trailer. Sayer went outside and told plaintiff to get off the skidder. Boswell did so, but he left the engine running. Another employee, Floyd Lamartiniere, drove a Clark skidder up against the protruding left rear wheel placing the front blade of his skidder against this wheel of the Deere skidder to hold it in place, and locked his brakes.
Boswell and Sayer climbed back upon the trailer and unhooked the chain which connected the knuckle boom of the rear skidder to the skidder on the front of the low boy. Thus, only the chain across the hinge area of the rear skidder remained fastened, although it was unbound. Plaintiff next went to the right side of the trailer to a position between the supporting Clark skid-der and the rear Deere skidder in order to unfasten the last chain. As he did this the Deere skidder’s left front wheel fell off of the trailer, thereby crushing Boswell between the left front tires of the Deere skidder and the Clark skidder. He sustained severe personal injuries in the accident.
Plaintiff sued for $2,273,800.00 for damages allegedly sustained as a result of negligence of the defendants John Deere Company (John Deere), the manufacturer of the skidder, and Boise Southern, the owners of the Deere skidders. He alleged that the Deere skidder that caused his injuries was defective in design and manufacture and that the defendants knew of its unreasonably dangerous characteristic to unexpectedly flex or lurch to the left when the engine was started. He also asserted that a defective hydraulic steering valve was an additional cause of such motion and that the defendants failed to provide a stabilizer bar to prevent the flexion. Plaintiff further alleged that John Deere and also Boise Southern, who sold the skidder to his employer, failed to give him notice of the skidder’s dangerous characteristic.
Aetna Casualty & Surety Company, H. P. Equipment’s workmen’s compensation insurer, intervened to recover the amount it paid as benefits to Boswell.
The defendants denied all allegations of their negligence and pleaded in the alternative contributory negligence and assumption of risk on the part of plaintiff.
Following plaintiff’s presentation of evidence at the trial, the trial judge directed a verdict in favor of Boise Southern, holding that they violated no duty owed to Boswell. The Court said:
“There is no proof that they would anticipate, or were aware or knew that if this machine were started on a low boy it was subject to being jerked off. I don’t know that anyone can anticipate that, certainly not the parties that were trading in this machine. The motion for a directed verdict will be granted.”
*578 The trial court, however, denied John Deere’s motion for a directed verdict. After completion of the trial on the merits judgment was rendered in favor of John Deere and the suit was dismissed. Plaintiff appealed separately from each judgment.
In his written reasons for judgment after stating the facts, the trial judge said:
“The Supreme Court in Weber v. Fidelity & Casualty Company, 259 La. 599, 250 So.2d 754 (1971), stated that in order for a plaintiff to recover in a products liability case it must prove; (1) the manufacturer’s product was defective; (2) the product was being subjected to normal use; (3) the product was unreasonably dangerous in that use; and (4) the injuries were proximately caused by the defect.
“As the Court stated in Weber, the manufacturer is liable, without proof of specific fault or of knowledge of the defect, if the injured person proves that he was injured by the product because the product was defective or unreasonably dangerous in normal use, and that the product was defective when it left the hands of the manufacturer. The plaintiff failed to prove that the product was defective when it left the manufacturer. In fact, the evidence tended to show that this John Deere 540-A grapple skidder was completely worn out. One of the plaintiff’s own witnesses testified that this skidder was nothing but a piece of junk.
“Conflicting evidence was introduced at trial as to whether the skidder actually flexes upon being started. The Court is of the opinion that the skidder may flex or move to some degree upon its first being started. However, the Court does not find this to be a defect in the product, as this does not make it unreasonably dangerous for normal use.
“No direct evidence could be adduced at trial showing what caused the John Deere skidder to fall off the trailer. In Reeves v. Great Atlantic & Pacific Tea Company, Inc., 370 So.2d 202 (La.App.3rd Cir. 1979), the Court quoted from the Weber case and addressed itself to the burden of proof in showing causation in a products liability suit. There they stated:
“In this civil case, the plaintiff’s burden is to prove causation by a preponderance of the evidence. The burden may be met either by direct or as in this case by circumstantial evidence. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963).
“As we stated in the latter decision, 153 So.2d 397; ‘Taken as a whole, circumstantial evidence must exclude other reasonable hypothesis (sic) with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Otherwise, the mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation.’ ”
This Court is of the opinion that other reasonably hypothesis (sic) as to the cause of the accident do exist.
“The Court finds that the most reasonable cause of the accident was a combination of factors. The Court accepts the evidence that the grapple skidder moved when it was started on the low boy trailer. At that point in time Floyd Lamarti-niere pushed another grapple skidder with a blade up against the rear wheel of the grapple skidder sitting on the low boy trailer. A chain was still holding that grapple skidder bound down to the low boy trailer. When plaintiff loosened the binder and chain holding down the front wheels of that grapple skidder, it is reasonable to assume that the pressure ex-, erted from the Clark grapple skidder operated by Mr. Lamartiniere, caused the front wheels of the John Deere grapple skidder to fall off the low boy trailer, causing injury to the plaintiff. When Mr. Lamartiniere pushed the blade of the Clark skidder up against the rear tire of the John Deere skidder, pressure was then exerted upon the front wheels of the John Deere skidder. However, they could not move as long as the chain was *579 binding them to the trailer. Once this chain was removed it is reasonable to assume, taking into account the nature of a grapple skidder, that the front wheels themselves would twist and would fall off the trailer. Pressure against the rear of the skidder would cause it to pivot and the front of the skidder to move in the opposite direction.
“Insofar as the Court finds that there is no causal connection between any defect in the grapple skidder and any injury to the plaintiff, the Court does not find it necessary to address plaintiff’s contentions of inadequate warnings.”
It is clear to us that any tendency of the skidder to flex upon starting its engine did not cause it to fall from the trailer. After ignition the plaintiff let it run, got off the trailer, got back on and unhooked the chain between the two skidders, then got back on the ground to remove the last chain when the skidder fell upon him. Obviously, the starting of the engine did not cause the skidder to flex and fall from the low boy.
The trier of fact’s determination that the most reasonable cause of the accident, i. e., pressure on the skidder’s protruding left rear wheel by the blade of the Clark skid-der, was supported by the plaintiff’s witness, Freddie Sayer, who said:
“Well we got another machine to put up against the rear wheel of it that was up on the low boy, we put the blade up against the rear wheel to push it back up or stabilize it on the machine so it couldn’t fall off.
* * * * * *
“Well where it was sitting there the rear wheel was trying to fall off so we put the blade up against the rear wheel of the John Deere, with the Clark skidder, to shove it back up on there to have it secure where we could take the chains off of it.
******
“We was pushing against the back end of the machine, the front end twisted around and fell . . . . ” (Emphasis added.)
We are in full accord with the findings of fact and conclusions of the trial court and see no reason to disturb its judgments.
Having affirmed the trial judge’s determination that the plaintiff failed to prove that the alleged defect in the Deere skidder was the cause in fact of his injuries, it is unnecessary to discuss further the issue of whether Boise Southern breached any duty as a “seller” to warn of the flexion tendency of the skidder.
For the foregoing reasons, the judgments of the trial court are affirmed at appellant’s costs.
AFFIRMED.