hWILLIAM A. CULPEPPER, Judge Pro Tern.
Plaintiff leased an apartment from defendant, Brown-Walker Partnership. She received a notice from Acadiana Treatment Systems, Inc., who furnished the water to the apartment complex, that the water contained a bacteria. She filed this suit against the defendant lessor for damages for an illness which she alleges was caused by the contaminated water. Plaintiff alleges the lessor’s liability results from owning and leasing premises which were defective and unreasonably dangerous; owning property which had deteriorated to an unreasonably unsafe state; and allowing the water supply to become toxic, contaminated and unreasonably dangerous for use.
^Defendants, the lessor and its leasing agent, filed motions for summary judgment on the basis that the water was manufactured and delivered to the apartment complex by Acadiana Treatment Systems, Inc., and that defendants had no knowledge that the water was contaminated until a notice was delivered to plaintiff. Affidavits submit *401 ted in support of the motion for summary-judgment supported these facts. In opposition to the motion for summary judgment, plaintiff filed an affidavit that she leased the apartment for $225 per month from the lessor through its agent, and that the lessor furnished water and sewer services as part of the lease agreement. Plaintiff states that she paid no other persons for water services. The district judge granted the motion for summary judgment. In his reasons for ruling he states that Acadiana Treatment Systems, Inc. is the owner of the water distribution lines and the supplier of the water. The judge states that even if the lessor is considered the seller of the water, under the lease agreement by which the lessor agreed to furnish the water to the lessee, there is no liability on the part of the lessor in the absence of knowledge that the water was contaminated. The court concludes by stating that it knows of no theory under which plaintiff can prevail.
On appeal, plaintiff argues first that by accepting the monthly rental payments the lessor became a seller of the water, and is liable to plaintiff for any defects in the product which it sold. Essentially, this is the same argument which was correctly rejected by the district court. The documents filed in the record show that Acadiana Treatment Systems, Inc. owned the entire water distribution system and that it furnished the water to the entire apartment complex under a contract with the lessor. The [.^lessor exercised no control over the quality or distribution of the water. Under our Louisiana Products Liability Act, R.S. 9:2800.54, a manufacturer of a product is hable for any damage caused by a characteristic which renders it unreasonably dangerous. R.S. 9:2800.-53(1)(b) defines a manufacturer as including a seller who exercises control over the quality of the product. But a seller who exercises no control over the manufacture or quality of the product is not hable in the absence of knowledge of the dangerous characteristic. LSA-C.C. art. 2545; Reeves v. Great Atlantic & Pac. Tea Co., Inc., 370 So.2d 202 (La.App. 3rd Cir.1979), writs denied, 371 So.2d 835 (1979) and 372 So.2d 568 (1979).
Plaintiff argues next that under LSA-C.C. art. 2695, the lessor guarantees the lessee against ah vices and defects of the thing leased. Under this article, plaintiff argues the premises were defective because of the contaminated water for which the lessor is strictly hable. The obvious answer to this argument is that the thing leased was not the water. The thing leased was the apartment. The contaminated water was furnished by a third party independent contractor through a piping system which the third party owned and maintained.
Next, plaintiff argues that the lessor is hable under LSA-C.C. art. 2322, which provides strict liability by the owner of a building for any damage occasioned by its ruin, either because of failure to repair it or because of a vice in its original construction. Here again, plaintiff argues that the water in the pipe was part of the building and that it was in a state of ruin because it was contaminated. No ease is cited by plaintiff which ^extends Article 2322 this far. The jurisprudence generally has restricted this article to vices in the building or its appurtenances. See Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (La.1970); and Charpentier v. St. Martin Parish School Board, 411 So.2d 717 (La.App. 3rd Cir.1982).
Plaintiff next argues that we should extend Articles 2322, 2695 and 2693 to cover any products or services supphed to the leased premises by the lessor through a contract with an independent contractor. Of course, this is what happened in the present ease. The lessor contracted with an independent contractor to furnish the water to the leased premises. No code article or jurisprudence supports such an argument. Such a rule would make the lessor responsible for any fault on the part of third party contractors who furnish services to lessees. There are many services furnished by lessors to leased premises through contracts with independent contractors. For instance: pest control, termite control, water, electricity, landscaping services, remodeling, painters, carpenters, and many others. Such furnish-ers of services and products are not employees or servants of the lessor for whom he is responsible under LSA-C.C. art. 2317, in the *402 absence of a showing of control by the lessor over the manner in which the services are performed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
COOKS, J., dissenting with written reasons.